UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

Eva Cumana,
and other similarly situated individuals,

 Plaintiff (s)

v.

Glamoure Beauty Salon Inc,
and Lucero Arango, individually,

 Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Eva Cumana and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Glamoure Beauty Salon Inc, and Lucero Arango, individually and alleges:

JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages for minimum and overtime unpaid wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Eva Cumana is a resident of Dade County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Glamoure Beauty Salon Inc (from now on, Glamoure Beauty Salon, or Defendant) is a Florida corporation having a business in Dade County, Florida.

4. Individual Defendant Lucero Arango is the owner/partner/and manager of Defendant Corporation Glamoure Beauty Salon. This individual Defendant is the Employer of

Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. Defendant Glamoure Beauty Salon is engaged in interstate commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as a beauty salon. Defendant uses the instrumentalities of interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

6. Plaintiff was employed by an enterprise engaged in interstate commerce. Through her daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

7. Defendant Glamoure Beauty Salon is a hair salon located at 1750 NW 122 Terrace, Pembroke Pines, FL 33026, where Plaintiff worked.

8. Defendants Glamoure Beauty Salon and Lucero Arango employed Plaintiff Eva Cumana from approximately February 23, 2021, to December 23, 2022, or 95 weeks.

9. Plaintiff was hired as a non-exempted, full-time, hourly employee, and she had duties as a hairdresser assistant.

10. From February 23, 2021, to September 29, 2022, or 83 weeks, Plaintiff was paid a wage rate of $9.00 an hour. From September 30, 2022, to December 23, 2022, or 12 weeks, Plaintiff was paid at the rate of $10.00 an hour.

11. Within the period from September 30, 2021, to September 29, 2022, or 52 weeks, Plaintiff was paid at the rate of $9.00, which was one dollar less than the required minimum wage rate for that period, $10.00 an hour.

12. Within the period from September 30, 2022, to December 23, 2022, or 12 weeks, Plaintiff was paid at the rate of $10.00, which was one dollar less than the required minimum wage rate for that period, $11.00 an hour.

13. Therefore, during the periods mentioned above, Defendant willfully failed to pay Plaintiff minimum wages in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

14. While employed by Defendants, Plaintiff had a regular schedule. She worked five days per week, from Tuesday to Saturday, from 8:30 AM to 8:30 PM (12 hours daily), or 60 hours weekly. Plaintiff did not take bonafide lunchtime hours.

15. Plaintiff was paid for all her hours at her regular wage rate, but she was not paid for overtime hours, as required by law.

16. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

17. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and a half her regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff was paid weekly with checks without paystubs providing basic information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

19. On or about December 23, 2022, Defendants fired Plaintiff for discriminatory reasons. Plaintiff is in the process of filing her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission EEOC.

20. At times mentioned, individual Defendant Lucero Arango was the owner/partner, and she directed Glamoure Beauty Salon's operations. Defendant Lucero Arango was the Employer of Plaintiff and other similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of Glamoure Beauty Salon concerning its employees, including Plaintiff and others similarly situated. Defendant Lucero Arango had financial and operational control of the business and provided Plaintiff with her work schedule. She is jointly and severally liable for Plaintiff's damages.

21. All the actions raised in this complaint occurred in Dade County, Florida, within this Court's jurisdiction.

Collective Action Allegations

22. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

23. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular hour worked and overtime hours worked at the rate of time and one-half their regular rate.

24. This action is intended to include every beauty salon employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

25. Plaintiff Eva Cumana re-adopts every factual allegation stated in paragraphs 1-24 above as if set out in full herein.

26. This cause of action is brought by Plaintiff Eva Cumana as a collective action to recover from Defendant overtime wages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after February 2021, (the "material time") without being adequately compensated.

27. Defendants Glamoure Beauty Salon and Lucero Arango employed Plaintiff Eva Cumana from approximately February 23, 2021, to December 23, 2022, or 95 weeks.

28. Plaintiff was hired as a non-exempted, full-time, hourly employee, and she had duties as a hairdresser assistant.

29. From February 23, 2021, to September 29, 2022, or 83 weeks, Plaintiff was paid a wage rate of $9.00 an hour. From September 30, 2022, to December 23, 2022, or 12 weeks, Plaintiff was paid at the rate of $10.00 an hour.

30. While employed by Defendants, Plaintiff had a regular schedule. She worked five days per week, from Tuesday to Saturday, from 8:30 AM to 8:30 PM (12 hours daily), or 60 hours weekly. Plaintiff did not take bonafide lunchtime hours.

31. Plaintiff was paid for all her hours at her regular wage rate, but she was not paid for overtime hours, as required by law.

32. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

33. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and a half her regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

34. Plaintiff was paid weekly with checks without paystubs providing basic information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

35. On or about December 23, 2022, Defendants fired Plaintiff.

36. The records, if any, concerning the number of hours worked by Plaintiff and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Therefore, the Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

37. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

38. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate about her unpaid overtime hours based on her best recollections.

   *Please note that this amount is based on preliminary calculations, and these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

      Nine Thousand Five Hundred Fifty Dollars and 00/100 ($9,550.00)

  b. <u>Calculation of such wages</u>:

Total period of employment: 95 weeks
Relevant weeks of employment: 95 weeks

**1.- Overtime from 02/23/2021 to 09/29/2021= 31 weeks**
Relevant weeks: 31 weeks
Total hours worked: 60 hours weekly
Total number of unpaid O/T hours: 20 O/T hours
Regular rate: $9.00 an hour x 1.5=$13.50 O/T rate-$9.00 Rate paid=$4.50
Half-Time: $4.50 an hour

$4.50 x 20 O/T hours=$90.00 weekly x 31 weeks=$2,790.00

**2.- Overtime from 09/30/20221 to 09/29/2022= 52 weeks**
Relevant weeks: 52 weeks
Total hours worked: 60 hours weekly
Total number of unpaid O/T hours: 20 O/T hours
Regular rate: $9.00 an hour
Fl Min. Wage rate: $10.00 x 1.5=$15.00 O/T rate-$10.00 Rate paid=$5.00
Half-Time: $5.00 an hour

$5.00 x 20 O/T hours=$100.00 weekly x 52 weeks=$5,200.00

**3.- Overtime from 09/30/2022 to 12/23/2022= 12 weeks**
Relevant weeks: 52 weeks
Total hours worked: 60 hours weekly
Total number of unpaid O/T hours: 20 O/T hours
Regular rate: $10.00 an hour
Fl Min. Wage rate: $11.00 x 1.5=$16.50 O/T rate-$10.00 Rate paid=$6.50
Half-Time: $6.50 an hour

$6.50 x 20 O/T hours=$130.00 weekly x 12 weeks=$1,560.00

Total #1, #2 and #3:  $9,550.00

<u>Nature of wages (e.g., overtime or straight time)</u>:[1]

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves her right to amend the calculations. There is a period around November 2022, in which Plaintiff worked less than 60 hours. Plaintiff will amend her SOC after discovery.

This amount represents unpaid overtime wages.

39. At all times, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay Plaintiff at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

40. Defendants showed reckless disregard for the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above, and Plaintiff is entitled to recover double damages.

41. Defendants Glamoure Beauty Salon and Lucero Arango willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

42. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Eva Cumana respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Eva Cumana and against the Defendants Glamoure Beauty Salon and Lucero Arango based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Eva Cumana actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Eva Cumana demands a trial by a jury of all issues triable as a right by a jury.

**COUNT II:**
**FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

43. Plaintiff Eva Cumanare-adopts every factual allegation stated in paragraphs 1-24 of this complaint as if set out in full herein.

44. Plaintiff Eva Cumana brings this action to recover from the Employer Glamoure Beauty Salon unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

45. Defendant Glamoure Beauty Salon was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

46. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

 (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

       (C) $7.25 an hour, beginning 24 months after that 60th day

47. Defendants Glamoure Beauty Salon and Lucero Arango employed Plaintiff Eva Cumana from approximately February 23, 2021, to December 23, 2022, or 95 weeks.

48. Plaintiff was hired as a non-exempted, full-time, hourly employee, and she had duties as a hairdresser assistant.

49. While employed by Defendants, Plaintiff had a regular schedule. She worked five days per week, from Tuesday to Saturday, a total of 60 hours weekly. Plaintiff did not take bonafide lunchtime hours.

50. From February 23, 2021, to September 29, 2022, or 83 weeks, Plaintiff was paid a wage rate of $9.00 an hour. From September 30, 2022, to December 23, 2022, or 12 weeks, Plaintiff was paid at the rate of $10.00 an hour.

51. Within the period from September 30, 2021, to September 29, 2022, or 52 weeks, Plaintiff was paid at the rate of $9.00, which was one dollar less than the required minimum wage rate for that period, $10.00 an hour.

52. Within the period from September 30, 2022, to December 23, 2022, or 12 weeks, Plaintiff was paid at the rate of $10.00, which was one dollar less than the required minimum wage rate for that period, $11.00 an hour.

53. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

54. Therefore, during the periods mentioned above, Defendant willfully failed to pay Plaintiff minimum wages in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

55. Plaintiff was paid weekly with checks without paystubs providing basic information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

56. On or about December 23, 2022, Defendants fired Plaintiff.

57. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

58. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

59. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's reasonable faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

   Two Thousand Five Hundred Sixty Dollars and 00/100 ($2,560.00)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment: 95 weeks
   Total number of hours worked: 60 hours weekly

   **1.- Minimum wages from 09/30/20221 to 09/29/2022= 52 weeks**
   Relevant weeks: 52 weeks

    Total hours worked: 60 hours weekly
Regular rate: $9.00 an hour
Fl Min. Wage rate: $10.00-$9.00 Rate paid=$1.00
Minimum wage difference: $1.00 an hour

$1.00 x 40 regular hours=$40.00 weekly x 52 weeks=$2,080.00

**2.- Minimum wages from 09/30/2022 to 12/23/2022= 12 weeks**

Relevant weeks:  12 weeks
Total hours worked: 60 hours weekly
Regular rate: $10.00 an hour
Fl Min. Wage rate: $11.00-$10.00 Rate paid=$1.00
Minimum wage difference: $1.00 an hour

$1.00 x 40 regular hours=$40.00 weekly x 12 weeks=$480.00

Total #1 and #2: $2,560.00

    c.  <u>Nature of wages:</u>

This amount represents unpaid minimum wages at the Florida minimum [2] wage rate.

60. Defendants unlawfully failed to pay Plaintiff Eva Cumana minimum wages, as provided by the Fair Labor Standards Act.

61. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves her right to amend the calculations.

62. Defendants Glamoure Beauty Salon and Lucero Arango willfully and intentionally refused to pay Plaintiff minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants.

63. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Eva Cumana and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Eva Cumana, and against the Defendants Glamoure Beauty Salon and Lucero Arango, and Lucero Arango based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff Eva Cumana actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff Eva Cumana an equal amount in double damages/liquidated damages; and

D. Award Plaintiff Eva Cumana reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Eva Cumana and those similarly situated demands trial by a jury of all issues triable as a right by a jury.

Date:  January 31, 2023

                                                Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*